IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> William Lee, Governor of the State ) <br> of Tennessee, in his official capacity; ) <br> ) <br> And, ) <br> ) <br> David Rausch, Director of the Tennessee ) <br> Bureau of Investigation, in his official ) <br> capacity. ) <br> ) <br> *Defendants.* ) | Civil Action No: 3:23-cv-1335 <br><br> Judge Trauger |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY INJUNCTION**

Comes now Plaintiff, by and through Counsel, and moves this Honorable Court UNOPPOSED pursuant to Fed. R. Civ. P. 65 to issue a preliminary injunction prohibiting Defendants and their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them from:

1) Enforcing Tennessee's Sex Offender and Violent Sex Offender Registration, Verification, and Monitoring Act ("SORA") (T.C.A. § 40-39-201 *et seq*.) against Plaintiff;

2) Requiring Plaintiff to comply with any portion of SORA;

3) Publishing Plaintiff's information on the sex offender registry.

Plaintiff further requests that Defendants be ordered to provide notice of this preliminary injunction to Defendants' officers, directors, agents, servants, representatives, attorneys,

employees, subsidiaries and affiliates, and those persons in active concert or participation with them, and that Defendants be ordered to take whatever means are necessary or appropriate to ensure proper compliance by all such third parties with this preliminary injunction.

In support of this motion, Plaintiff relies on the accompanying memorandum of law that will be filed as the next ECF entry, and the exhibits attached to this motion. Based on the foregoing and record as a whole, Plaintiff respectfully requests that the Court issue the injunctive relief described *supra*.

Counsel for Plaintiff has consulted with Counsel for Defendants regarding this motion, who indicates that Defendants do not oppose the relief requested herein for the reasons articulated in footnote 1.[1]

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com

---

[1] Defendants do not oppose this motion for a preliminary injunction. Defendants maintain that the Act does not violate the Ex Post Facto Clause. However, Defendants also recognize that *Does #1-5 v. Snyder*, 834 F.3d 696, 699 (6th Cir. 2016), is binding precedent and that, accordingly, federal district courts in Tennessee have found that the Act violates the Ex Post Facto Clause and have frequently granted preliminary and permanent injunctive relief to specific sexual offenders. *See Craig v. Lee*, No. 3:22-CV-00181, 2023 WL 2505896, at *2 (M.D. Tenn. Mar. 14, 2023) (collecting cases granting preliminary injunctions); *Does #1-9 v. Lee*, No. 3:21-CV-00590, 2023 WL 2335639, at *19 (M.D. Tenn. Mar. 2, 2023). Defendants are currently appealing one of these permanent injunctions before the Sixth Circuit in Case No. 23-5248. But because of the precedent noted above in the Sixth Circuit and in the Tennessee federal district courts, Defendants do not oppose Plaintiff's request for a preliminary injunction.

## CERTIFICATE OF SERVICE

I hereby certify that on **January 5, 2024**, Plaintiff's **Motion for Preliminary Injunction** was filed electronically with the Court's electronic filing system. Notice of this filing will be served on **Attorney Liz Evan and Nicholas Bolduc, Counsel for Defendants Lee and Rausch**, at Liz.Evan@ag.tn.gov and Nicholas.Bolduc@ag.tn.gov.

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953